**18 MAG   7509**

ORIGINAL

Approved: _____

Elinor L. Tarlow
Assistant United States Attorney

Before:    THE HONORABLE BARBARA C. MOSES
United States Magistrate Judge
Southern District of New York

------------------------------------  X
:
UNITED STATES OF AMERICA              :    **SEALED COMPLAINT**
:
- v. -                             :    Violation of 8 U.S.C.
:    §§ 1326(a) & (b)(2)
CARLOS DUARTE,                        :
a/k/a "Geraldino Rolando,"       :    COUNTY OF OFFENSE:
a/k/a "Winston Duarte,"          :    Bronx
:
Defendant.             :
:
------------------------------------  X

SOUTHERN DISTRICT OF NEW YORK, ss.:

RAYMOND L. DIPILLO, being duly sworn, deposes and says that he is a Special Agent with the United States Department of Homeland Security, Homeland Security Investigations, and charges as follows:

COUNT ONE
(Illegal Reentry)

1.    From at least on or about August 22, 2018, in the Southern District of New York and elsewhere, CARLOS DUARTE, a/k/a "Geraldino Rolando," a/k/a "Winston Duarte," the defendant, being an alien, unlawfully did enter, and was found in, the United States, after having been removed from the United States subsequent to a conviction for the commission of an aggravated felony, without having obtained the express consent of the Attorney General of the United States or his successor, the Secretary for the Department of Homeland Security, to reapply for admission.

(Title 8, United States Code, Sections 1326(a) and (b)(2).)

The bases for my knowledge and the foregoing charge are, in part, as follows:

2.     I am a Special Agent with the United States Department of Homeland Security and I have been personally involved in the investigation of this matter.  This affidavit is based in part upon my conversations with law enforcement agents and others and my examination of reports and records.  Because this affidavit is being submitted for the limited purpose of establishing probable cause, it does not include all of the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3.     Based upon my review of records maintained by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") regarding CARLOS DUARTE, a/k/a "Geraldino Rolando," a/k/a "Winston Duarte," the defendant, I have learned, among other things, the following:

a.     DUARTE is a native and citizen of the Dominican Republic.  He is not, and has never been, a citizen of the United States.

b.     On or about April 1, 1997, the defendant was arrested for criminal possession of a controlled substance in the third degree, in violation of New York Penal Law § 220.16, and for criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39.  On the same day, the New York City Police Department ("NYPD") took fingerprint impressions of DUARTE.  On or about December 10, 1997, DUARTE was convicted of attempted criminal sale of a controlled substance in the third degree, in violation of New York Penal Law § 220.39.  On or about January 4, 2008, after the defendant had been returned on a bench warrant, he was sentenced to an indeterminate term of imprisonment from five to ten years (the "1997 Conviction").

c.     On or about January 16, 2015, the defendant was arrested by Immigration and Customs Enforcement ("ICE") and charged with being an inadmissible alien under 8 U.S.C. § 1192. On the same day, ICE officials took fingerprint impressions of DUARTE. On or about February 24, 2015, after being issued an Administrative Order of Removal, DUARTE was removed from the United States to the Dominican Republic (the "Removal Action").

d.     On or about August 22, 2018, DUARTE was arrested in the Bronx for criminal possession of a controlled substance in the first degree, in violation of New York Penal

2

Law § 220.21 (the "August Arrest"). On the same day, in connection with this arrest, the NYPD took fingerprint impressions of DUARTE.

e. ICE has performed searches of all relevant ICE indices and confirmed that, following his removal to the Dominican Republic, DUARTE never obtained the express consent of the Attorney General of the United States or the Secretary for the Department of Homeland Security to reapply for admission to the United States.

f. On or about August 28, 2018, an ICE fingerprint specialist prepared a report comparing: (1) a fingerprint impression bearing the name "Carlos Duarte," taken by the NYPD in connection with his arrest for the 1997 Conviction; (2) a fingerprint impression bearing the name "Carlos Duarte," taken by ICE in connection with the Removal Action; and (3) a fingerprint impression bearing the name "Carlos Duarte," taken by the NYPD in connection with the August Arrest. The ICE fingerprint specialist concluded that the three fingerprint impressions were made by one and the same individual, namely CARLOS DUARTE, a/k/a "Geraldino Rolando," a/k/a "Winston Duarte," the defendant.

4. Based upon my training and experience with ICE, I understand that the 1997 Conviction qualifies as an "aggravated felony" within the meaning of Section 1326(b)(2) of Title 8 of the United States Code.

3

WHEREFORE, deponent respectfully requests that a warrant be issued for the arrest of CARLOS DUARTE, a/k/a "Geraldino Rolando," a/k/a "Winston Duarte," the defendant, and that he be arrested, and imprisoned or bailed, as the case may be.

RAYMOND L. DIPILLO
Special Agent
U.S. Department of Homeland Security
Homeland Security Investigations

Sworn to before me this
___ day of August, 2018

THE HONORABLE BARBARA C. MOSES
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK

4